**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4310**

———————

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

        versus

FREDERICK O'NEAL FAIR,

                                   Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (1:05-cr-00316-WLO)

———————

Submitted: December 14, 2006        Decided:  December 19, 2006

———————

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen III, Federal Public Defender, John A. Dusenbury,
Jr., Greensboro, North Carolina, for Appellant. Kearns Davis,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick O'Neal Fair appeals from his conviction and 228-month sentence imposed pursuant to his guilty plea to possession with intent to distribute four grams of crack cocaine and possession of a firearm during a drug trafficking crime. On appeal, his attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious issues for appeal but questioning whether the standard of proof utilized at sentencing violated Fair's right to due process. Fair was informed of his right to file a pro se supplemental brief, but he has not done so.[*] After full consideration of the record, we affirm.

At sentencing, the drug quantity attributed to Fair was calculated on the amount to which he pled guilty, plus the amount to which he admitted in a signed statement to the police. His written statement resulted in a ten-level increase to his offense level. While due process is generally satisfied by using a preponderance of the evidence standard to prove sentencing factors, see McMillan v. Pennsylvania, 477 U.S. 79, 91-92 (1986), Fair

---

[*]However, in Fair's pro se notice of appeal, he raised the following claims: (1) he was improperly charged with crack cocaine when he was only in possession of cocaine base; (2) he did not intend to distribute the cocaine he was charged with possessing; and (3) he should have been sentenced for only the drugs that were found in his possession. The first two claims are foreclosed by Fair's guilty plea, and the third claim ignores the Sentencing Guidelines, which provide for sentencing based, not only on the charged crimes, but also relevant conduct. U.S. Sentencing Guidelines Manual § 1B1.3 (2005).

- 2 -

contends that a heightened standard of proof is required when facts have a significant or unfair impact on the sentence. See United States v. Jordan, 256 F.3d 922, 927-29 (9th Cir. 2001) (requiring clear and convincing evidence to prove disputed sentence enhancements that resulted in nine-level increase in offense level).

Since it is raised for the first time on appeal, we review Fair's claim for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). Assuming Fair's claim was not waived by his failure to object to the presentence report ("PSR"), see United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (noting that, in the absence of any objection, the court is free to adopt the PSR's findings without more specific inquiry or explanation), and recognizing that we have not adopted the holding in Jordan, Fair's sworn testimony at his plea hearing and the factual basis adopted therein sufficiently corroborate his out-of-court admission. See Wong Sun v. United States, 371 U.S. 471, 489 (1963) (holding that, where extrinsic evidence corroborates trustworthiness of a confession, the confession is sufficient to establish the elements of the crime). Thus, the court did not commit plain error in relying on the admission.

Pursuant to Anders, we have reviewed the record in this case and found no reversible error. Accordingly, we affirm Fair's convictions and sentence. This court requires that counsel inform

his client, in writing of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED